Benjamin O. WALTERS and Frank Mullen, Petitioners,

v.

Ronald CEASE, Director, Local Affairs Agency, Hugh J. Wade, Secretary of State, John Gill and L. H. Norene, Respondents.

No. 518.

Supreme Court of Alaska.

Aug. 7, 1964.

Theodore Stevens, Anchorage, for petitioner.

Theodore M. Pease, Jr., Burr, Boney & Pease, Anchorage, for respondents John Gill and L. H. Norene.

Warren C. Colver, Atty. Gen., and John K. Brubaker, Asst. Atty. Gen., for respondents Ronald Cease and Hugh J. Wade.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

The court below enjoined the Secretary of State from referring chapter 52 SLA 1963 for approval or rejection by the people at a statewide election.[1] The constitution provides that the people may approve or reject acts of the legislature by the referendum, but that the referendum shall not be applied to local or special legislation.[2] We hold that Chapter 52 is "local or special legislation" within the meaning of the constitution, that it is not subject to the referendum, and that the lower court's injunction was properly issued.

The part of the constitution dealing with local government provides that all local government powers shall be vested in boroughs and cities.[3] It also provides that the entire state shall be divided into boroughs.[4] A means of accomplishing the constitutional objective was furnished by the legislature in a statute enacted in 1961.[5] Under that law the incorporation of an organized borough is initiated by filing a petition with the Local Affairs Agency, an agency required by the constitution to be established by law in the executive branch of the state government to advise and assist local governments.[6] The Local Affairs Agency has the duty of determining whether the proposed borough meets certain

---

1. The lower court enjoined submission of the referendum on the ground that chapter 52 carried out a constitutional mandate relating to the establishment of boroughs, that to permit a referendum petition to be voted upon might effect the repeal of a law carrying out a constitutional mandate, and that this in turn would be to permit the people of the state to thwart the constitutional mandate establishing boroughs without calling for a constitutional amendment as required by article XIII of the constitution. This is a question that we do not pass upon in this case.

2. Alaska Const. art. XI, §§ 1, 7.

3. Alaska Const. art. X, § 2 provides: "All local government powers shall be vested in boroughs and cities. The State may delegate taxing powers to organized boroughs and cities only."

4. Alaska Const. art. X, § 3 provides: "The entire State shall be divided into boroughs, organized or unorganized. They shall be established in a manner and according to standards provided by law. The standards shall include population, geography, economy, transportation, and other factors. Each borough shall embrace an area and population with common interests to the maximum degree possible. The legislature shall classify boroughs and prescribe their powers and functions. Methods by which boroughs may be organized, incorporated, merged, consolidated, reclassified, or dissolved shall be prescribed by law."

5. AS 07.05.010–07.40.010.

6. Alaska Const. art. X, § 14 provides: "An agency shall be established by law

standards for incorporation which are set forth in the statute and which relate to such factors as population, geography, economy and transportation. The matter is then referred to the Local Boundary Commission which, like the Local Affairs Agency, is also required by the constitution to be established by law in the executive branch of the state government.[7] The Commission holds public hearings and then determines whether the petition for incorporation is to be accepted. If it is accepted, an election is held within the area involved to determine whether it shall become an incorporated borough.

An additional means for accomplishing the constitutional objective of establishing borough government was provided by chapter 52 SLA 1963. Here the legislature did not leave the question of the formation of boroughs to local option, as it did in the 1961 statute. Instead, in chapter 52 the legislature itself incorporated eight specifically designated and defined areas of the state as organized boroughs effective January 1, 1964, provided that they had not before that date become incorporated by local option under the 1961 law.[8]

Chapter 52 is not a general act. It selected only a certain few communities which presumably met the standards for incorporation as organized boroughs and declared that they were to become incorporated. It made no mention of the rest of the state. There may have been other communities that also could have met the standards. We do not know, because the legislature did not say whether the communities selected were the only ones qualified to become boroughs

Even if it were assumed that the eight areas chosen by the legislature were the only areas qualified for borough government in 1963, this would not mean that chapter 52 was general legislation. Other areas of the state conceivably could meet the statutory requirements in subsequent years. As to them, incorporation as organized boroughs would not take place under the mandatory requirements of chapter 52, but rather under the local option provisions of the general law enacted in 1961.

Chapter 52 is both local and special legislation within the meaning of article XI, section 7 of the constitution.[9] It is local because it applies only to a limited number of geographical areas, rather than being widespread in its operation throughout the state. It is special because its method for incorporating organized boroughs is peculiar to the few selected localities where it is applicable. Being local and special legislation, chapter 52 SLA 1963 is not subject to the referendum.

Judgment affirmed.

---

in the executive branch of the state government to advise and assist local governments. It shall review their activities, collect and publish local government information, and perform other duties prescribed by law."

7. Alaska Const. art. X, § 12 provides: "A local boundary commission or board shall be established by law in the executive branch of the state government. The commission or board may consider any proposed local government boundary change. It may present proposed changes to the legislature during the first ten days of any regular session. The change shall become effective forty-five days after presentation or at the end of the session, whichever is earlier, unless disapproved by a resolution concurred in by a majority of the members of each house. The commission or board, subject to law, may establish procedures whereby boundaries may be adjusted by local action."

8. SLA 1963, ch. 52, § 3.

9. Alaska Const. art. XI, § 7 provides in relevant part: "The referendum shall not be applied to dedications of revenue, to appropriations, to local or special legislation, or to laws necessary for the immediate preservation of the public peace, health, or safety."